## Appointment of Nonresident Democratic Watchers

*Mercer D. Tate,* for petitioner.

*Edward G. Mekel,* for Democratic City Executive Committee.

CARROLL, P. J., August 24, 1964.—The matter before us is a petition for the appointment of eight non-

resident watchers for the primary election of April 28, 1964. Petitioner is James W. Greenlee, an independent candiate for the Democratic nomination for Representative in the General Assembly from the Tenth Legislative District. His petition is opposed by the Democratic County Executive Committee on the ground that eight people named in the petition are all registered Republicans. Thus, the sole narrow issue presented to this court is whether registered Republican electors are eligible to serve as nonresident watchers for a candidate seeking a Democratic nomination at a primary election.

The Election Code provides that each candidate for nomination at any primary shall be entitled to appoint two watchers in each election district: Act of June 3, 1937, P. L. 1333, art. IV, sec. 417, 25 PS §2687(a). With respect to the qualification of such watchers, it provides as follows:

"(b) All watchers so appointed shall serve in only one district and must be *qualified registered electors* of the municipality or township in which the district where they are authorized to act is located": As amended August 14, 1963, P. L. 1048, no. 453, sec. 1, 25 PS §2687(b). (Italics supplied.)

Petitioner notes that no reference is made to party affiliation in the statutory requirement that a watcher be a "qualified registered elector." However, on the other hand, the statute does not specifically provide that a person may be a watcher for the candidate of one party, irrespective of his affiliation with opposing party. Thus, it cannot be concluded the party affiliation of a watcher is immaterial. Therefore, we must look further to determine what constitutes a "qualified registered elector."

The Election Code defines a "qualified elector" as "any person who shall possess *all of the qualifications for voting* now or hereafter prescribed by the Consti-

tution of this Commonwealth": Act of June 3, 1937, P. L. 1333, art. I, sec. 102, 25 PS §2602(t). (Italics supplied.)

Again, petitioner notes no distinction is made with reference to party affiliation. However, the statutory definition does require a person to possess the qualifications for voting. One of the qualifications of an elector voting in a primary election is that he must be enrolled as a member of a political party if he is to vote the ballot of such party: Act of June 3, 1937, P. L. 1333, art. VII, sec. 702, 25 PS §2812. Thus, it is clear that a registered Republican elector is not a "qualified elector" for the purposes of voting a Democratic party ballot at a primary election.

Petitioner attempts to avoid this conclusion by arguing there is only one primary, the general primary, and no distinction should be made on the basis that there is a Republican primary and a Democratic primary. However, in Pennsylvania our Election Code makes a very real distinction with respect to political parties in a primary election. We have what is known as a direct primary. Each political party in the primary is treated as a separate distinct entity. The Election Code specifically prohibits persons who are not registered members of a political party to vote at any primary of such party or to be elected or serve as a party officer: Act of June 3, 1937, P. L. 1333, art. VIII, sec. 802, 25 PS §2832. Thus, it is clear that the election laws do draw a distinction between political parties with respect to primary elections.

The policy behind the statutory distinction drawn between political parties would be disrupted if we permitted registered Republican electors to act in an official capacity, as watchers, for candidates for Democratic nomination. This was clearly brought out in a recent case that decided the exact question that is now before us: Democratic County Executive Committee of

Philadelphia v. Board of Elections, 31 D. & C. 2d 434 (1963). There, Judge Chudoff, in holding registered Republican electors could not act as watchers for a candidate for Democratic nomination, stated, page 436:

"To hold otherwise would be to encourage one party to work out means and methods of taking over the party machinery and the methods of nominating another party's candidates for election."

Petitioner argues that the recent 1963 amendment to permit nonresident watchers was designed to assist the independent candidate. This is undoubtedly true. However, in allowing the independent candidate to go outside his election district to obtain watchers, he surely can find other members of his party to aid his cause. It certainly cannot be maintained that registered electors of the opposing party would be the only persons willing to aid such a candidate. The recent nonresident watcher amendment now gives the independent a much wider selection of fellow party members to act in his behalf. This is the intent of this amendment and not, as suggested by petitioner, to permit the independent candidate to draw upon members of the opposing party to assist his candidacy.

Thus, it is clear under the election laws and their underlying philosophy, a distinction is to be made between political parties in a primary election. For that reason, the Election Code prohibits a person from qualifying as an elector in a primary election of a party, if he is not a member of such party. It follows that if a registered Republican elector is not a qualified registered elector in a Democratic primary election, he cannot act as a watcher for a candidate for a Democratic nomination.

Accordingly, the petition of James W. Greenlee was dismissed.